IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01756-PAB-KAS

CHASE SMITH, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PARA ENERGY GROUP, LLC, and
ZECO EQUIPMENT, LLC,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Defendant Para Energy Group, LLC's Motion to Dismiss Collective Action [Docket No. 15], Defendant Para Energy Group, LLC's Motion to Dismiss and Compel Arbitration [Docket No. 16], and Defendant Zeco's Motion to Dismiss and to Compel Individual Arbitration [Docket No. 18].

## I. BACKGROUND

On July 11, 2023, plaintiff Chase Smith initiated this case by filing a collective action complaint against defendants Para Energy Group, LLC ("Para Energy") and ZECO Equipment, LLC ("ZECO"), alleging that defendants failed to pay overtime wages owed to Mr. Smith and other similarly situated workers. Docket No. 1 at 1, ¶¶ 1-3. Para Energy and ZECO are oilfield services companies. *Id.* at 2, ¶¶ 7-11; Docket No. 18 at 2. The complaint alleges that the defendants "employed and/or jointly employed Smith and similarly situated Solids Control Technicians to operate and service equipment that removes drill cuttings from drilling fluids." Docket No. 1 at 2, ¶ 15. Mr. Smith asserts

one cause of action: failure to pay Mr. Smith and similarly situated employees overtime at one and a half times their regular pay rates in violation of the overtime provisions of the Federal Labor Standards Act ("FLSA").  *Id.* at 5, ¶¶ 58-61.  The complaint does not mention any arbitration agreement between the parties.

## II. MOTIONS TO DISMISS AND COMPEL ARBITRATION

### A.  Motions by Para Energy

On July 24, 2023, Para Energy filed a Motion to Compel Arbitration Agreement and Enforce Waiver of Class or Collective Action.  Docket No. 9.  The motion included the following exhibits: (1) "Attachment D," which purports to be an arbitration agreement between Mr. Smith and Para Energy; (2) a "signing certificate," and (3) "electronic signature information and geolocation."  *Id.* at 4-8.  Para Energy claims that the signing certificate and electronic signature information and geolocation "serve[ ] to authenticate that the attached ATTACHMENT D bears the plaintiff's dated, willful, electronic signature."  *Id.* at 2, ¶ 4.  This motion was not filed by counsel, but by Para Energy's owner, Loyd Willard.  *Id.* at 3.  Because an LLC or other business entity can only appear in court through an attorney, and not through a non-attorney officer, *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001), the Court struck the motion.  Docket No. 42.

On August 11, 2023, counsel entered on behalf of Para Energy.  Docket No. 14.  Para Energy then filed two motions: Defendant Para Energy Group, LLC's Motion to Dismiss Collective Action, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Docket No. 15, and Defendant Para Energy Group, LLC's Motion to Dismiss and Compel Arbitration, pursuant to Rule 12(b)(3).  Docket No. 16.  These

2

motions included as an exhibit the arbitration agreement entitled "Attachment D" that was part of Para Energy's stricken motion, but neither motion included the "signing certificate" or "electronic signature information and geolocation."  Docket No. 15-1; Docket No. 16-1; *see* Docket No. 9 at 5-8.

Para Energy's motion to dismiss collective action argues that the Court should dismiss Mr. Smith's case because the arbitration agreement Mr. Smith is bound by precludes his right to bring a collective action suit against Para Energy.  Docket No. 15 at 2, ¶¶ 4-5.  Similarly, Para Energy's motion to dismiss and compel arbitration argues that the Court should dismiss the case and compel arbitration because the arbitration agreement waived Mr. Smith's right to litigate claims for unpaid overtime wages under the FLSA in any forum other than in binding arbitration with the American Arbitration Association.  Docket No. 16 at 2, ¶ 5.

### B.  Motion by ZECO

On August 14, 2023, ZECO filed Defendant ZECO's Motion to Dismiss and to Compel Individual Arbitration.  Docket No. 18.  ZECO argues that Mr. Smith "cannot bring his claims in this or any other court, nor can he assert any class or collective action claims, because he signed a binding arbitration agreement containing a class and collective action waiver."  *Id.* at 1.  ZECO does not claim that Mr. Smith signed an arbitration agreement with ZECO.  Rather, ZECO argues that the arbitration agreement between Mr. Smith and Para Energy, Attachment D, bars Mr. Smith from bringing claims against ZECO because ZECO is a third-party beneficiary of the arbitration agreement between Mr. Smith and Para Energy.  *Id.* at 3.  Thus, ZECO's motion is

3

dependent on the same arbitration agreement that Para Energy relies upon in its motions.

ZECO did not attach the arbitration agreement between Mr. Smith and Para Energy to its motion.  Instead, ZECO cites the copy of Attachment D that was filed as part of Para Energy's stricken motion.  *See, e.g., id*.

### C.  Mr. Smith's Responses

Mr. Smith claims that the defendants' motions should be dismissed because defendants fail to establish the existence of a valid arbitration agreement.  Docket No. 23 at 1-3; Docket No. 37 at 1-4.  Mr. Smith argues that Para Energy "offers no evidence to establish the alleged arbitration agreement attached to its motions is authentic or even that it is a complete and accurate copy.  [Para Energy's] failure to authenticate its alleged agreement is fatal to its motion."  Docket No. 37 at 4 (citations omitted).  He makes the same argument in response to ZECO's motion, additionally arguing that ZECO fails to establish itself as a third-party beneficiary to the alleged agreement.  Docket No. 23 at 6.

Nowhere does Mr. Smith claim that Attachment D is not authentic, nor does he present any evidence calling into question its authenticity.  He merely argues that defendants' motions should be denied because the burden is on the defendants to prove the authenticity of the contract they wish to enforce and defendants failed to do so.  Docket No. 37 at 4; Docket No. 23 at 6.

## III.  DISCUSSION

The Federal Arbitration Act ("FAA")[1] "manifests a liberal federal policy favoring arbitration."  *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1131 (10th Cir. 2004) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)). Consequently, the Court must "resolve 'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration.'"  *P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

"[A]lthough the presence of an arbitration clause generally creates a presumption in favor of arbitration, this presumption disappears when the parties dispute the existence of a valid arbitration agreement."  *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 613 (10th Cir. 2014) (unpublished) (internal quotations and citations omitted). Determining whether a dispute is subject to arbitration "is similar to summary judgment practice."  *Id.* at 612 (quoting *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012)).  The party moving to compel arbitration must present "evidence sufficient to demonstrate the existence of an enforceable agreement."  *Id.*  The burden then shifts to the nonmoving party "to raise a genuine dispute of material fact regarding the existence of an agreement."  *Id.*

While Mr. Smith does not deny that Attachment D is authentic or that he signed it, defendants bear the burden to prove the existence of a valid agreement.  *Id.; see also Levine v. Vitamin Cottage Natural Food Markets, Inc.*, No. 20-cv-00261-STV, 2021 WL

---

[1] There appears to be no dispute that the FAA governs the alleged arbitration agreement in this case.  *See* Docket No. 15-1; Docket No. 16-1; Docket No. 18 at 3; Docket No. 23 at 1.

4439800, at *6-9 (D. Colo. Sep. 27, 2021); *Beattie v. TTEC Healthcare Solutions, Inc.*, No. 18-cv-03098-RM-SKC, 2019 WL 2189481, at *2 (D. Colo. May 21, 2019).  Some courts have accepted the authenticity of an alleged arbitration agreement without requiring the moving party to submit evidence supporting that position where the opposing party fails to provide evidence disputing the agreement's authenticity.  *See Umbenhower v. Copart, Inc.*, 2004 WL 2660649, at *6 (D. Kan. Nov. 19, 2004).  However, where the plaintiff is alleged to have electronically signed an arbitration agreement, courts have required proof of authenticity.  *See, e.g., Beattie*, 2019 WL 2189481, at *2.  Because Mr. Smith's signature on Attachment D appears to be electronic, *see* Docket No. 15-1; Docket No. 16-1, the Court will require defendants to authenticate Attachment D even though Mr. Smith has not provided evidence disputing its authenticity.

ZECO argues that Attachment D is authenticated by the "incorporated record evidence" drawn from Para Energy's stricken motion, consisting of "the Arbitration Agreement bearing Plaintiff's signature, along with a geolocation and signing certificate showing the document was signed by Plaintiff at his house." [2]  Docket No. 32 at 5.  Para Energy makes a similar argument, claiming that "a geolocation and signing certificate showing that the document was signed by Plaintiff at his house" constitute "proof that Plaintiff personally knows that the Arbitration Agreement is authentic."[3]  Docket No. 38

---

[2] ZECO also refers to a "statement by Para's owner regarding authenticity." Docket No. 32 at 5.  However, it is not clear what statement ZECO is referencing since the exhibits to the stricken motion consisted of Attachment D, the signing certificate, and geolocation information, Docket No. 9 at 4-8, and no declaration by Mr. Willard has been filed.
[3] Para Energy's reply states that "a geolocation and signing certificate showing that the document was signed by Plaintiff at his house is attached," but the reply does

at 2.  Docket No. 9 was stricken by the Court because it was not filed by counsel.  Docket No. 42.  However, even if it had not been stricken, the evidence attached to Docket No. 9 is not sufficient to authenticate the arbitration agreement.

Defendants have authenticated arbitration agreements in a variety of ways in support of motions to compel arbitration.  For example, some defendants have submitted declarations describing the process through which the plaintiff signed or agreed to the arbitration agreement.  *See BigBen 1613, LLC v. Belcaro Grp., Inc,* No. 17-cv-00272-PAB-STV, 2018 WL 4257321, at *2-3, 5 (D. Colo. Sep. 6, 2018); *Beattie*, 2019 WL 2189481, at *2; *Levine*, 2021 WL 4439800, at *6-9.  The declarant need not have personal knowledge that the plaintiff signed the agreement.  *Hancock*, 701 F.3d at 1264.  Where the plaintiff is alleged to have consented to arbitration as part of a standard practice required by the defendant, the declarant need only have personal knowledge of the standard practice.  *See id.* (finding that declarations by employees who had "personal knowledge of the standard practice designed for regional affiliates, as well as personal knowledge that U-verse customers such as Plaintiffs generally accept terms of service through the standard practice" was "enough to raise an inference that the standard practice was followed when Plaintiffs obtained U-verse service and shifted the burden to Plaintiffs to raise a genuine factual dispute"); *Levine* 2021 WL 4439800, at *6-7 (finding defendant met its initial burden of demonstrating the existence of an enforceable arbitration agreement where defendant presented arbitration agreements containing plaintiffs' signatures and declarations from

---

not include any exhibits.  Docket No. 38 at 2.  Therefore, the Court interprets this statement to reference the geolocation and signing certificate attached to Docket No. 9.

defendant's vice president of human resources describing the process by which the agreements were obtained); *Davis v. USA Nutra Labs*, 303 F. Supp. 3d 1183, 1192 (D.N.M. 2018) (finding that a declaration describing the standard practice followed when customers make purchases through defendant's website, during which customers agree to arbitrate disputes by consenting to defendant's terms of use, supported the inference that the standard practice was followed, shifting the burden to plaintiff to raise a genuine factual dispute); *see also* Fed. R. Evid. 406.  Courts have also found that corporate records indicating that a plaintiff electronically signed an arbitration agreement can support a finding of authenticity.  *Beattie*, 2019 WL 2189481, at *2 ("Defendants' contention that Plaintiffs . . . manifested their assent to the arbitration agreement by clicking the 'Accept' button is supported by employee data they routinely collect and maintain in the form of spreadsheets.").

## IV.  SUPPLEMENTAL BRIEFING

Although defendants, as the parties who are seeking to compel arbitration, have failed to show the existence of a valid arbitration agreement, the question of whether Mr. Smith entered into a binding arbitration agreement is likely to recur if it is not resolved at this juncture.  Therefore, in the interest of judicial economy, the Court will order the parties to submit supplemental briefing as to the authenticity of Attachment D.

If defendants submit evidence demonstrating the authenticity of Attachment D, the burden will shift to Mr. Smith to "raise a genuine dispute of material fact regarding the existence of an agreement."  *Bellman*, 563 F. App'x at 612.

## V. CONCLUSION

Therefore, it is

**ORDERED** that, on or before **January 2, 2024,** defendants Para Energy and ZECO shall, jointly or individually, file briefs of no more than five pages regarding the authenticity of Attachment D.  It is further

**ORDERED** that, on or before **January 12, 2024** Mr. Smith shall file a response of no more than five pages in which he shall state whether he disputes the authenticity of Attachment D.  It is further

**ORDERED** that defendants may file a reply on or before **January 17, 2024**.


DATED December 20, 2023.

BY THE COURT:

PHILIP A. BRIMMER  
Chief United States District Judge