# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| CHASE SMITH, individually and on behalf of all others similarly situated,<br><br>v.<br><br>PARA ENERGY GROUP, LLC & ZIMMERMAN EQUIPMENT CO. d/b/a ZECO | No: 1:23-cv-01756-PAB-KAS<br><br>Collective Action (29 U.S.C. § 216(b)) |

## SMITH'S OPPPOSITION TO PEG'S MOTION TO WITHDRAW

**1. Introduction.**

Para Energy Group, LLC ("PEG") fails to demonstrate good cause for withdrawal of its lawyer. Instead, its counsel merely parrots local and professional rules of conduct that allow permissive withdrawal of a lawyer if there are "irreconcilable differences." Mere recitation of the rule is insufficient because the reasons must be substantiated for the Court to properly evaluate whether good cause exists. Because PEG's lawyer fails to do so, his burden is not met and the motion should be denied.

Further, despite his representation to the Court, the case against PEG is likely to continue before this Court—not in arbitration. After the Court granted PEG's motion to compel arbitration, Chase Smith and opt-in Plaintiff Darrel Goolsby filed arbitrations against PEG before the American Arbitration Association ("AAA"). They paid their share of the filing fees. But despite repeated notices from the AAA, PEG refuses to pay its share of the filing fees. The AAA's latest demand gives PEG until April 26 to pay. If PEG fails to pay, the arbitrations will be closed for lack of payment. PEG's CEO, Lloyd Willard, has already demonstrated contempt for the Court's rules by trying to appear for PEG when he knew he could not do so. PEG's months-long efforts to compel arbitration—only to simply default in paying filing fees—smacks of gamesmanship.

Accordingly, the Court should require PEG's lawyer to remain through the end of the case, as is expected of a lawyer, unless and until PEG obtains substitute counsel.

**2. Facts.**

Smith filed this collective action seeking to recover unpaid overtime and other damages under the Fair Labor Standards Act on July 11, 2023. Doc. 1. Lloyd Willard, PEG's non-lawyer CEO, originally attempted to represent PEG despite repeated warnings from the Court (and Plaintiffs' counsel) that he was unauthorized to do so. Doc. 13, Ps' Opp. to PEG's (pro se) Motion to Compel Arb [Doc. 9]; Doc. 42, Order striking Doc. 9. After PEG appeared through counsel, it eventually cured its multiple evidentiary stumbles over months of briefing.

On February 24, the Court granted PEG's motion to compel arbitration and denied its motion to dismiss the collective action. Doc. 47. The Court administratively closed the case, allowing it to be re-opened for good cause, and ordered a status report "on or before August 21, 2024 or within 15 days of completion of the arbitration process, whichever is earlier." Doc. 47.

Smith filed his claim with the AAA on February 27, 2024. Ex. 1. Opt-in Plaintiff Darrel Goolsby filed his on February 29.[1] Ex. 2. Both arbitrations are set to be closed on April 26 because PEG refuses, despite repeated notices to its counsel and its CEO, to pay its share of the initial filing fees of $2,300 per case. Ex. 3 at 1; Ex. 4 at 1.

**3. Withdrawal requires good cause.**

Attorneys are "expected to represent their clients until the completion of a case." *Leaton v. Navajo Refinery*, No. 09-CV 382 WPL/CG, 2011 WL 13262486, at *2 (D.N.M. Feb. 24, 2011). "An attorney may only withdraw by leave of the court, and only upon a showing of good cause." *Id.* (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)); *Streetman v. Lynaugh*, 674 F.Supp. 229, 235 (E.D. Tex.

---

[1] Goolsby filed his notice of consent with the Court on April 4. Doc. 50.

2

1987) ("[A]n attorney who has once agreed to represent a client should not be permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client.").

Counsel can be permitted to withdraw "on motion showing good cause," which "must state the reasons for withdrawal, unless the statement would violate the rules of professional conduct," and if the lawyer complies with notice and local rules' other requirements. *See* D.C.COLO.LAttyR 5. The local rule mirrors the Colorado Rules of Professional Conduct and the ABA Model Rules, which allow for withdrawal if "other good cause for withdrawal exists." CO ST RPC Rule 1.16(b)(7); A.B.A. Model Rules of Prof'l Conduct R. 1.16(b)(7). The "good cause" provision is "typically applicable in situations involving antagonism between the lawyer and the client." *Leaton*, 2011 WL 13262486, at *2 (citing A.B.A. Model Rules of Prof'l Conduct R. 1.16; *see also White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (collecting cases).

"Whether good cause exists for an attorney to withdraw is a question of federal law," which is primarily answered "by referring to the standards for withdrawal articulated in national ethics canons and in the ethics rules adopted by the court." *White*, 2010 WL 2473833, at *2; *see also Strobel v. Rusch*, No. CIV11800656RBJFR, 2020 WL 7318013, at *1 (D.N.M. Dec. 11, 2020) (a court's "extensive discretion when dealing with an attorney's motion to withdraw representation" is governed by rules of professional conduct and local rules.); *Hakim v. Leonhardt*, 126 F. App'x 25, 26 (2d Cir. 2005) ("Codes of Professional Conduct ... and the Model Code guide our assessment of whether 'good cause' to withdraw exists.").

Unless "there is a demonstrated conflict of interest or counsel and defendant are so embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense[,]" courts can deny a motion to withdraw. *Leaton*, 2011 WL 13262486, at *2 (denying motion to withdraw for failure to establish good cause) (citing *United States v. Cole*, 988 F.2d

3

681, 681 (7th Cir. 1993). The burden is on the movant to establish an irreconcilable conflict, and "[u]nsubstantiated claims of a conflict are insufficient, especially when the client has expressed no dissatisfaction with the attorney's representation and has not asked counsel to withdraw." *Streetman*, 674 F. Supp. at 234. Counsel is not entitled to a "meaningful relationship" with a client. *Id.*

Even when good cause is established, "it is incumbent on the court to ensure that the prosecution of the lawsuit is not unduly disrupted by the withdrawal of counsel." *Leaton*, 2011 WL 13262486 at *2. Courts employ many factors in making this determination, including: (1) undue delay; (2) prejudice to any party; (3) financial burden on counsel; (4) the state of the attorney-client relationship; and (5) general interests of justice. *Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, No. 2:19-CV-00120-BSJ, 2020 WL 9255406, at *3 (D. Utah June 29, 2020).

4. **PEG failed to meet its burden.**

Counsel for PEG's only "reason" for withdrawal is a verbatim recitation of the local rule:

> [I]rreconcilable differences have arisen between Defendant PEG and its counsel, Mr. Falkenstein. Pursuant to D.C.COLO.L.AttyR 5(b), Mr. Falkenstein cannot state the nature of these differences with more specificity without violating the rules of professional conduct[.]

Doc. 48 at 1-2. He offers no context, no explanation—nothing to describe what the problem is or why it's irreconcilable. *Id.* Allegations "that merely recite statutory language are not entitled to an assumption of truth." *Rallo v. Palmer Admin. Servs., Inc.*, No. 18-CV-01510-RM-MEH, 2019 WL 1468411, at *3 (D. Colo. Apr. 3, 2019) (dismissing complaint because allegations that "parrot," or that merely recite statutory language, fail to satisfy even liberal pleadings standards). PEG fails to substantiate that it is "embroiled in an irreconcilable conflict" resulting in "a total lack of communication preventing an adequate defense." *See, e.g., Leaton*, 2011 WL 13262486, at *2; *Streetman*, 674 F. Supp. at 234. Nor does PEG express dissatisfaction with its counsel or ask that counsel

4

withdraw. *Id.* Accordingly, the Court should deny PEG's lawyer's request to withdraw because he has not substantiated his claim of irreconcilable conflict. *Id.*

5. **Withdrawal will result in undue delay and prejudice.**

On March 19 and March 27, 2024, the AAA told PEG to pay filing fees for the Smith arbitration and Goolsby arbitration. Ex. 3 at 1-2; Ex. 4 at 1, 3. PEG didn't pay. Ex. 5, Moulton Decl. at ¶ 6. The AAA's final notice calls for payment by April 26. Ex. 3 at 1; Ex. 4 at 1. Instead, PEG has wholly ignored the arbitrations.[2] Although it is likely PEG will default on its obligations to the AAA, its counsel claims Plaintiffs will not be unduly prejudiced "[b]ecause this matter is not being litigated in this court." Doc. 48 at ¶ 7.

But the AAA is not going to proceed with arbitration if PEG fails to pay, and PEG has repeatedly failed to pay. Despite litigating for months to have this matter moved to arbitration, PEG has no intention of "paying to play" as its own arbitration agreement requires. It may be that PEG is simply unable to do so. However, PEG should not be allowed to further disrupt and delay these proceedings. Instead, it should proceed here, represented by its lawyer, who is "expected to represent [his] client until the completion of [this] case." *Leaton,* 2011 WL 13262486, at *2.

PEG makes no attempt to address the other factors that could have supported withdrawal, including "financial burden" to defense counsel; the state of the relationship between PEG and its counsel; and "general interests of justice," despite having the burden to address these. *Taylor,* 2020 WL 9255406, at *3. Accordingly, the only factors before the Court are those that concern undue delay and prejudice, which weigh against withdrawal of counsel.

---

[2] Of course, PEG also has history of ignoring this Court's admonishments. *See* Doc. 13 at 3-4.

5

**6. Conclusion.**

After months of legal wrangling to move this case to arbitration, PEG is on the brink of defaulting on its obligations to pay filing fees required in arbitration. PEG's lawyer has done nothing in the arbitrations other than to tell the AAA he doesn't represent PEG and PEG itself has wholly ignored the arbitrations. Absent last-minute payment, Smith's and Goolsby's arbitrations are set to be closed on April 26. This seems the most likely outcome given PEG's complete apathy for the arbitrations.[3] These proceedings have been delayed for months by PEG's ongoing gamesmanship. PEG (and its lawyer) should be required to continue this case to completion.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On April 24, 2024, I served a copy of this document on all parties who are registered users of the Court's ECF system.

**/s/ David I. Moulton**
_____
David I. Moulton

---

[3] Plaintiffs' counsel, will, of course, notify the Court once this happens.